IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUESTAR EXPLORATION AND PRODUCTION COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CECELIA P. LAMBETH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING CECELIA LAMBETH'S MOTION TO WITHDRAW ADMISSIONS AND DENYING ALPINE SPRINGS' MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:08-CV-455 TS |
| ALPINE SPRINGS, LLC, et al.,<br>    Cross-claimants,<br><br>    vs.<br><br>CECELIA P. LAMBETH,<br>    Cross-claim Defendant. | |
| CECELIA P. LAMBETH,<br>    Cross-claimant,<br><br>    vs.<br><br>ALPINE SPRINGS, LLC, et al.,<br>    Cross-claim Defendants. | |

1

This matter is before the Court on Cross-Claim Defendant Cecelia Lambeth's Motion to Withdraw Admissions and Motion to Extend Time to Respond to Request for Admissions and Cross-Claimant Alpine Springs' Motion for Summary Judgment. For the reasons discussed below, the Court will grant Lambeth's Motion to Withdraw Admissions and deny Alpine Springs' Motion for Summary Judgment.

## I.  BACKGROUND

Questar Exploration and Production Company brought this interpleader action against Cecelia Lambeth, Alpine Springs, LLC, John D. Chasel, and Evan Gentile. Questar is the owner of an oil and gas lease for a producing natural gas well located in Uintah County, Utah. Each of the Defendants claim an interest in the lease. Questar sought to have this Court determine and declare the rights of the Defendants to the proceeds of the lease.

Alpine Springs filed a cross-claim against Cecelia Lambeth seeking declaratory judgment that it, not Ms. Lambeth, is the owner of the property at issue and that it is entitled to the proceeds of the Questar lease. Alpine Springs also brought a cross-claim to quiet title. Ms. Lambeth also asserted a cross-claim against all Defendants seeking a declaration that she is the rightful owner of the property and that she is entitled to the proceeds of the Questar lease. Questar has now been allowed to deposit the proceeds from the lease into the registry of the Court and has been dismissed from this action.

## II.  DISCUSSION

A.   MOTION TO WITHDRAW ADMISSIONS

On March 31, 2009, Alpine Springs submitted a Second Set of Interrogatories, and Request for Production of Documents, and First Set of Requests for Admission to Ms. Lambeth. Counsel for Lambeth requested, and received, from counsel of Alpine Springs two extensions of

time to respond. Under these extensions, Ms. Lambeth was to respond by June 22, 2009. Ms. Lambeth did not timely respond, however, she has done so now. Based, in part, on these admissions, Alpine Springs filed a Motion for Summary Judgment on July 21, 2009.

Ms. Lambeth now seeks to withdraw those admissions. Counsel for Ms. Lambeth represents that due to numerous circumstances, including miscommunication between counsel and Ms. Lambeth, other pressing matters, and personal issues, the requests for admission were not timely responded to. As indicated, Lambeth has since responded, though only recently. Alpine Springs opposes the Motion.

> Fed.R.Civ.P. 36(a)(3) provides:
>
> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> Rule 36(b) states:
>
> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

As set out in Rule 36(b), the Court may permit such withdrawal or amendment when: (1) it would promote the presentation of the merits of the action and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. The Court will discuss each of these factors.

As to the first factor, the Tenth Circuit has stated that "'[t]his part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the

admissions would practically eliminate any presentation of the merits of the case.'"[1]  Here, the admissions go to the heart of this matter.  By failing to respond to request for admissions, Ms. Lambeth admitted, among other things, that she defaulted on a loan on the property, that she was aware of the foreclosure action which allegedly deprived her of the property since before 2005, and that she lost ownership and title to the property as a result of the foreclosure action.  Alpine Springs' Motion for Summary Judgment is based, at least partially, on these admissions.  Allowing Ms. Lambeth to withdraw these admissions would certainly subserve the presentation of the merits of this action.[2]

Turning to the second element, the Tenth Circuit has stated that "[m]ere inconvenience does not constitute prejudice for this purpose.  'The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth.  Something more is required.'"[3]  Rather, "'[t]he prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.'"[4]  The Tenth Circuit has specifically stated that "'[p]reparing a summary judgment upon an erroneous admission does not constitute prejudice.'"[5]

---

[1] *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

[2] *See id*.

[3] *Id*. (quoting *Bergmann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)).

[4] *Id*. (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

[5] *Id*. (quoting *Kirtley v. Sovereign Life Ins. Co.*, 212 F.3d 551, 556 (10th Cir. 2000)).

4

Alpine Springs contends that it will be prejudiced, not only because of the time, money, and effort involved in preparing the Motion for Summary Judgment, but also because it has relied on the admissions in its overall trial preparation by foregoing certain discovery. Alpine Springs argues that allowing the withdrawal of the admissions would leave it with inadequate time to conduct the necessary discovery, would conflict with the scheduling order, and would hamper its trial preparation.

While the Court is cognizant of Alpine Springs' concerns, the Court is not persuaded that withdrawal would prejudice it in maintaining or defending the action on the merits. As indicated by the Tenth Circuit, preparation of a summary judgment motion is not the type of prejudice contemplated by Rule 36(b). Similarly, the Court finds that the need to expend additional time and resources to conduct additional discovery to convince the jury of its claim, without more, is not the kind of prejudice contemplated by Rule 36(b). Therefore, Ms. Lambeth's Motion to withdraw her admissions will be granted. As she has now supplied Alpine Springs with the responses to its discovery requests, there is no need to address Ms. Lambeth's Motion for Extension of Time.

B.   MOTION FOR SUMMARY JUDGMENT

   *1.   Standard*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."[6] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return

---

[6]Fed.R.Civ.P. 56(c).

a verdict for the nonmoving party in the face of all the evidence presented.[7]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

  *2.*  *Factual Background*

  The case concerns the ownership of a 1/6th interest in Lot 3, Section 36, Allotment 569. Ms. Lambeth claims that she is the owner of the property, while Alpine Springs argues that Ms. Lambeth lost any interest that she had in the property through a foreclosure action and that it has since acquired the property through various conveyances.

  The following facts are not in dispute.  Alpine Springs is a Utah limited liability Company.  Ms. Lambeth is a citizen of the State of Utah, residing in Iron County Utah.  Ms. Lambeth claims to be an enrolled member of the Ute Indian Tribe.

  Pursuant to a patent dated June 13, 1960, a Fee Simple Patent was issued to Lambeth, by the United States, conveying an undivided 1/6th interest in Lot 3, Section 36, Allotment 569.  On February 8, 1980, Lambeth entered into a loan agreement with the State Bank of Southern Utah. Ms. Lambeth purported to grant a mortgage on her interest in the subject property as collateral for the loan.  Ms. Lambeth disputes whether the Bank could validly obtain a collateral interest over the allotment.

  Much of the remaining facts are in dispute.  Alpine Springs alleges that Ms. Lambeth defaulted on her mortgage and a judicial foreclosure action was initiated.  Alpine Springs further

---

[7]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

argues that the state court entered a decree of foreclosure and the property was sold. Eventually, through mesne conveyances, Alpine Springs alleges that it acquired a 1/2 interest in the mineral estate and a whole interest in the surface estate of the property. Alpine Springs has provided documentation to support these claims.

Ms. Lambeth, on the other hand, denies that she defaulted on her loan and states that if a foreclosure action was concluded, it was done without her knowledge. Rather, Ms. Lambeth asserts, when she learned that the foreclosure action had been commenced she contacted the bank and made arrangements to pay off the loan. Documents submitted by Alpine Springs seem to support this assertion.[9] Ms. Lambeth asserts that the foreclosure proceeding was procured through fraud. Again there is some documentation to support this. For instance, there is a document submitted by Alpine Springs which purports to contain Ms. Lambeth's signature. The same document, with a different signature, has also been submitted.[10] One document contains a signature that is clearly that of the Bank's attorney and one document contains a signature that does not seem to match Ms. Lambeth's signature on other documents.

    3.    *Discussion*

Alpine Springs seeks summary judgment that it is the owner of the subject property. Ms. Lambeth opposes the Motion.

---

[9] Declaration of John Westwood, C/G 00158, C/G 00159, C/G 00161, C/G 00179, C/G 00180, C/G 00181, C/G 00182, C/G 00183, C/G 00184.

[10] *Compare* Declaration of Preston Frischknecht, ALPSPR 0069 *with* Declaration of John Westwood, C/G 00078.

        *a.*     *Native American Allotment*

In her Memorandum in Opposition, Ms. Lambeth argues that Indian allotments are not subject to state process. Alpine Springs has not responded to this argument. Because Alpine Springs has not responded, this issue has not been adequately briefed. Further briefing is necessary on such an important issue. After all, if the allotment could not be encumbered by a mortgage, then the state court could not have foreclosed on the property, and the further conveyances which purport to give title of the property to Alpine Springs would be invalid. Based on this, the Court finds that summary judgment is inappropriate until this issue has been resolved.

        *b.*     *Fraud*

Ms. Lambeth also argues that Alpine Springs' claim to the property is invalid because the foreclosure action was procured by fraud. Alpine Springs argues that the statute of limitations for making such a claim has run. Ms. Lambeth asserts that she had no reason to know that the property had passed out of her hands until 2007, when she learned that others were attempting to collect royalties from Questar.

Utah law provides for a three year statute of limitation for actions "for relief on the ground of fraud or mistake; except that the cause of action does not accrue until the discovery by the aggrieved party of the facts constituting the fraud or mistake."[11]

> Discovery by the aggrieved party of the facts constituting an alleged fraud is measured from the time the fraud was actually known or could have been discovered through the exercise of reasonable diligence. Therefore, the three-year statute of limitations for fraud begins to run from the time the person entitled to the property knows, or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him. This means that if a party has

---

[11] Utah Code Ann. § 78B-2-305(3).

the opportunity to know the facts constituting an alleged fraud, that party cannot remain inactive and then later allege a want of knowledge as a result of his own negligence.[12]

Here, there are a number of genuine issues of material fact which prevent the Court from ruling, as a matter of law, that Ms. Lambeth's fraud claim is barred by the statute of limitations. The parties have presented widely diverging views of what occurred here and both parties have presented evidence to support their views. Based on the evidence submitted by the parties, the Court cannot conclude as a matter of law that the statute of limitations has run on Ms. Lambeth's fraud claim. There are key factual disputes about whether she knew of the foreclosure proceedings or could have discovered them through the exercise of reasonable diligence.

### III. CONCLUSION

It is therefore

ORDERED that Cross-Claim Defendant Cecelia Lambeth's Motion to Withdraw Admissions and Motion to Extend Time to Respond to Request for Admissions (Docket No. 48) is GRANTED. It is further

ORDERED that Cross-Claimant Alpine Springs' Motion for Summary Judgment (Docket No. 41) is DENIED.

DATED   December 17, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12]*Booth v. Attorneys' Title Guar. Fund, Inc.*, 20 P.3d 319, 327 (Utah 2001) (quotation marks and citations omitted).