IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUESTAR EXPLORATION AND PRODUCTION COMPANY,<br><br> Plaintiff,<br><br><br>vs.<br><br><br>CECELIA P. LAMBETH, et al.,<br><br> Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br><br>Case No. 2:08-CV-455 TS |
| ALPINE SPRINGS, LLC, et al.,<br> Cross-claimants,<br><br>vs.<br><br>CECELIA P. LAMBETH,<br> Cross-claim Defendant. | |
| CECELIA P. LAMBETH,<br> Cross-claimant,<br><br>vs.<br><br>ALPINE SPRINGS, LLC, et al.,<br> Cross-claim Defendants. | |

1

This matter is before the Court on a Motion for Order Directing Disbursement of Registry Funds filed by John Chasel and Evan Gentile. Chasel and Gentile seek an order directing the Clerk of the Court to disburse all funds in the Clerk's Registry deposited by Questar.

Cecilia Lambeth has not directly responded to that Motion but has, instead, filed a Motion to Stay Execution of Judgment and Motion for Relief from Judgment Pending Resolution of State-Court Litigation.[1] In her Motion, Lambeth seeks to stay the execution of the judgment in this matter pending resolution of state-court litigation. For the reasons discussed below, the Court will deny Lambeth's Motion and grant the Motion filed by Chasel and Gentile.

## I. BACKGROUND

On November 16, 2010, the Court issued a Memorandum Decision and Order in this action quieting titled to the subject property in Chasel and Gentile.[2] The Clerk of the Court entered Judgment in favor of Chasel and Gentile and against Lambeth on December 2, 2010.[3]

## II. DISCUSSION

Lambeth moves to stay execution of the Judgment pending resolution of state-court litigation. The Court notes that, to date, there has been no indication that Lambeth has commenced any action in state court. Nor has she appealed the Judgment in this matter.

---

[1] Lambeth has actually filed two such Motions, which are identical. *See* Docket Nos. 98 & 104. The Court will consider these Motions as one.

[2] Docket No. 97.

[3] Docket No. 100.

Lambeth moves pursuant to Fed.R.Civ.P. 62(b). That Rule states:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Lambeth's Motion also cites to Rule 60(b), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Though Lambeth's Motion cites to Rule 60(b), it provides no reason why, under that rule, relief from the Court's Memorandum Decision and Order or the Judgment is warranted. Instead, Lambeth asserts that she will commence an action in state court. As stated, there is no indication that Lambeth has done so. In this situation, the Court finds that Lambeth has not provided grounds for relief under Rule 60(b). Therefore, there is no reason to stay this matter under Rule 62(b). As there is no reason to stay execution of the Judgment, the Court finds that Chasel and Gentile's Motion for Order Directing Disbursement of Registry Funds is well taken.

## III. CONCLUSION

It is therefore

ORDERED that Lambeth's Motion to Stay Execution of Judgment and Motion for Relief from Judgment Pending Resolution of State-Court Litigation (Docket Nos. 98 & 104) are DENIED. It is further

ORDERED that the Motion for Order Directing Disbursement of Registry Funds (Docket No. 102) is GRANTED. The Court will enter an Order directing the disbursement of funds separately.

DATED   January 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge